ELLIS, Judge.
Yeomans Brothers Company, the plaintiff herein, brought this suit to recover the sum of $5,270.00, being the price of two sewerage treatment pumps manufactured by them on order placed by defendant Brittany Place, Inc. The record reveals that Brittany Place, Inc. contracted with Roell Development Corporation to develop a subdivision to be known as Brittany Place on certain property owned by Roell. Defendant Trinity Universal Insurance Company was surety on the performance bond furnished by Brittany to Roell.
The first of the two pumps in question in this suit was ordered by Brittany Place, Inc. on April 16, 1962, and by letter of April 17, 1962. Payment for same was guaranteed by Trinity Universal Insurance Company. On June 19, 1962, the second pump was ordered from plaintiff. The first pump was delivered about June 25, 1962. Neither pump was ever paid for, and the- second pump was never delivered for this reason. On September 7, 1962, a second letter was written to Yeomans on behalf of Trinity in which it is stated that Trinity would be ultimately responsible for payment of the second pump.
It further appears from the record that both pumps were especially manufactured to specifications peculiar to Brittany Place Subdivision, and could not be readily disposed of for use elsewhere.
On June 21, 1962, the contractor, Brittany Place, Inc., was placed in default under the contract by Roell Development Corporation. In attempting to completé the contract, various acts were done by both Trinity and Roell. Eventually, in order to comply with FHA requirements for the subdivision, the sewerage system in the subdivision was tied into another sewerage system. On July 29, 1963, Roell Development Corporation and LeRoy Roell, individually, in consideration of a payment of $21,154.77 and a loan of $15,000.00, both made by Trinity Universal Insurance Company, released all claims which they might have against Trinity and in addition agreed as follows:
“ * * * to indemnify and hold harmless the said Trinity Universal Insurance Company of and from any and all further claims, either by Roell Development Corporation, LeRoy Roell, or by materialmen, laborers, or suppliers incurred in connection with the construction of Brittany Place.
“The said LeRoy Roell, individually, and Roell Development Corporation do further agree to do all things necessary and incidental to complete the sewerage in Brittany Place and agree to hold harmless the Trinity Universal Insurance Company of and from any and all losses, including expenses and reasonable attorneys’ fees incurred by Trinity in enforcing the provisions of this agreement, including but not limited to the completion of the sewerage systems of Brittany Place and the payment of the expenses incurred in connection therewith.”
This suit was filed in January, 1964, and, after a number of supplemental and amended petitions, and various other pleadings, plaintiff asked for judgment in the full amount of the claim solidarily against Brittany, Roell Development, LeRoy Roell, individually, and Trinity. Trinity third partied Roell and Roell Development and asked for judgment over against them in the event judgment should be rendered against it in this case. No pleadings were filed in the record by Brittany Place, Inc., and issue was joined as to it on the main demand by entry of a preliminary default. After trial on the merits judgment was rendered in favor of plaintiff and against Brittany and Trinity for $5,270.00, and all demands against Roell and Roell Development *387 were dismissed. From this judgment, Trinity took a suspensive appeal.
Appellant claims that the District Court erred in a number of respects. The first assignment of error relates to the alleged failure of the trial court to recognize that under the provisions of R.S. 9:4801 et seq. plaintiff’s rights are those of a materialman and must be preserved by the filing of a lien within the time provided by law. They point out that R.S. 9:4814 provides that any action against a surety on a building contract must be brought within one year from the registry of a notice of default of the contractor. Notice of default herein was filed on or about June 23, 1962, and this suit was brought on January 27, 1964, more than a year after that date.
However, it is clear that this suit was brought against Trinity Universal under the letters purportedly guaranteeing payment dated April 17 and September 7, 1962. The suit is not brought under the provisions of R.S. 9:4801 et seq. and the provisions thereof have no application here.
The second assignment of error relates to the construction placed by the court on the letters of April 17 and September 7, 1962. It is contended that these letters were not absolute guarantees of payment but merely an expression of willingness on the part of Trinity to carry out its obligation under the bond. With respect to the letter of April 17, there can be no doubt. It reads as follows:
“Allen J. Harris Company
400 Balter Building
New Orleans 12, Louisiana
“Attention: Mr. Landry Murphy
“Re: Leach Associates
Brittany Place Subdivision
Houma, Louisiana
“Dear Mr. Murphy:
“The writer is authorized, in behalf of the Trinity Universal Insurance Company, to guarantee payment of a certain pump which has been ordered by Mr. E. H. Leach of Brittany Place, Inc., for delivery to Brittany Place Subdivision in the City of Houma, described as follows:
“Yeoman Series 8000
“Vertical Submerger Screenless Sewerage Ejector
“Model 4 ML 3
“We understand that the total price, including freight, is $2635 delivered.
“Very truly yours,
“SEALE, HAYES, SMITH, KEOGH & FRANKLIN
“By Charles W. Franklin
“CWF: lh
“cc: Mr. E. H. Leach Mr. Tom Dabney”
The clear terms of this letter certainly need no elaboration.
In addition, on June 23, 1965, before any claim was made against it as a result of the second letter, Trinity admitted liability for the claim made pursuant to the first letter of guarantee and deposited a sum sufficient to cover same in the registry of the court. Although the court later permitted these funds to be withdrawn, the motion and the judicial confession contained therein remains part of the record.
The September 7, 1962, letter reads as follows:
“Yeomans Brothers Company
1999 North Ruby Street
Melrose Park, Illinois
“Attention: R. S. Rollinger
Credit Manager
“Dear Sir:
“Your August 28 letter to Mr. Leach has been forwarded to the writer.
“A sum sufficient to pay for the pumps and the installation thereof has been escrowed by State National Life Insur-anee Company from funds due Mr. Roell. We are checking at this time with respect *388 to the payment of the $2,635 from that account.
“The second pump will he paid for within a few days after delivery. That payment should come from the escrow account, but in any event the Trinity Universal Insurance Company, as surety, will be responsible for payment of same.
“Very truly yours,
“SEALE, HAYES, SMITH, KEOGH & FRANKLIN
“By Charles W. Franklin
“CWF: mh
“cc: Mr. Stanley La Fargue
“cc: Mr. Paul Greene
“cc: Mr. LeRoy Roell”
It is contended by appellant that the above letter makes payment for the second pump contingent on delivery, and obligated Trinity only in the event that sufficient funds were not in the escrow account referred to therein. It is further contended that because of the failure to deliver the pump there is no obligation to pay for same.
The trial court found that plaintiff was justified in retaining the second pump in view of Trinity’s failure to pay for the first one. He further found that, upon delivery of the second pump, Trinity was obligated to pay for it. He therefore ordered Trinity to accept delivery of the pump, and upon proof of such delivei'y, signed a judgment against Trinity for the full amount of the claim.
Appellants advance the additional argument that the court erred in requiring it to accept delivery of the second pump, when there was no longer any necessity for it, other arrangements having been made for sewerage disposal.
We feel that the ruling of the trial court was correct as to both of the above contentions. Plaintiff fulfilled the orders placed with it by Brittany Place, Inc., and stood ready and willing to deliver the second pump when payment was made for the first one. It seems clear from the record that funds were available for both pumps, but no effort was made by Trinity to fulfill the guarantees of payment which it made. Plaintiff was entirely justified in its refusal to deliver the second pump under the circumstances. It is certainly not plaintiff’s fault if the pump is no longer necessary. Trinity could have obtained delivery at any time by the simple expedient of doing what it had obligated itself to do, and paying for the pump. Why this was not done does not appear in the record.
Finally, appellant contends that the trial court erred in failing to give judgment on the third party demand against LeRoy Roell and Roell Development Corporation, in view of the provisions of the hold harmless agreement set forth above.
Mr. Roell, who testified relative to the agreement, stated that it was not intended to cover the pumps because all parties felt that the question of payment for same was covered by the April 17th and September 7th letters.
He further testified that Trinity was to be discharged of all obligations except those for which they could be held legally liable, that they acknowledged certain other debts of which Roell and Roell Development Corporation had guaranteed payment, and paid the amount thereof over to Roell as part of the consideration for the hold harmless agreement, and that they lent him $15,000.-00 more to do certain work required by the F.H.A., and to pay other debts which they refused to pay. He stated that at the time of the signing of the agreement, the pumps were specifically discussed, and that he was told that if Yeomans Brothers had a valid claim it would be paid by Trinity and neither Roell nor Roell Development Corporation were liable for that claim. There was no testimony by anyone on behalf of Trinity relating to the agreement.
The District Judge apparently found nothing inconsistent in the wording of the agreement and Mr. Roell’s explanation. It seems clear that the agreement refers to *389 unknown claims for which neither party-had assumed responsibility, as evidenced by the foregoing reference to "all further claims — by materialmen, laborers or suppliers — ”. We find that neither Roell nor Roell Development Corporation assumed any liability for the pumps by virtue of the agreement, and that Trinity had firmly bound itself to pay for same by the letters of April 17th and September 7, 1962.
For the above and foregoing reason, the judgment of the District Court is affirmed.
Affirmed.